James S. Davenport, for appellant.

Smith C. Matson, Asst. Atty. Gen., for the State.

FURMAN, P. J. All the questions raised in the brief of counsel for appellants have already been decided adversely to the contentions therein made. It is therefore unnecessary for us to discuss them now. The judgment of the lower court in each of the above numbered and entitled causes is affirmed.

ARMSTRONG and DOYLE, JJ., concur.

---

### BLUNT MARTIN v. STATE.

No. A-1063. Opinion Filed June 15, 1912.

Appeal from Craig County Court;

S. F. Parks, Judge.

Appellant was convicted in the county court of Craig county for a violation of the prohibitory liquor law, and his punishment was assessed at a fine of four hundred dollars and one hundred and eighty days' con finement in the county jail. Appealed. Affirmed.

---

### BLUNT MARTIN v. STATE.

No. A-1064.

Appeal from Craig County Court;

S. F. Parks, Judge.

Appellant was convicted in the county court of Craig county for a violation of the prohibitory liquor law and his punishment was assessed at a fine of four hundred dollars and one hundred and eighty days' confinement in the county jail. Appealed. Affirmed.

James S. Davenport, for appellant.

Smith C. Matson, Asst. Atty. Gen., for the State.

FURMAN, P. J. Upon the trial of these cases the court among other things instructed the jury as follows:

"If the jury believe from the evidence that any witness has willfully testified falsely to any material fact or statement of facts in this case, you are at liberty to disregard the whole of such witnesses' testimony except in so far as the same may be corroborated by other creditable witnesses or creditable evidence."

This instruction should not have been given in this form. See Henry v. State, 6 Okla. Cr. 430. But there are two reasons why this instruction is not reversible error in these cases. First, the record fails to show that any exception was reserved to this instruction when given and the error which it contains is not fundamental. Second, the guilt of the appellant in both of said cases is overwhelmingly and conclusively proven by the testimony. Upon the entire records appellant is not only guilty of these offenses, but he is a hardened criminal and a confirmed bootlegger. The verdict of the jury in both cases is right. Therefore the judgments in both of the above-numbered and entitled causes are affirmed.

ARMSTRONG and DOYLE, JJ., concur.

---

### MACK COX v. STATE.

No. A-1078. Opinion Filed June 15, 1912.

Appeal from Carter County Court;

M. F. Winfrey, Judge.

Mack Cox was convicted of violating the prohibitory law, and appeals. Affirmed.

Sigler & Howard, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.